cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTIN REALTY MORTGAGE II, INC., for itself and a succesor to VESTIN FUND II, LLC, et al.,<br><br>                Plaintiff,<br>v.<br>KENNETH D. KLAAS, and DOES 1 through 50, Inclusive,<br><br>                Defendants. | Civil No.08cv2011 LAB (AJB)<br><br>Order Granting In Part and Denying in Part Motion to Compel; Denying Motion for Protective Order<br><br>[Doc. Nos. 34 and 35] |

      The Plaintiffs' filed a motion to compel further responses to Interrogatory Nos. 6, 7, 18 and 19, and Requests for Production of Documents Nos. 1-6, 10-13, 16, 18-32. This discovery was propounded on June 17, 2010 and the responses were received on July 20, 2010, however, no privilege log has been produced to date for documents withheld by Defendant Klaas. The Plaintiffs also moves the Court for an Order compelling an additional five hours of deposition time for the Defendant, Kenneth Klaas, and seeks attorney fees and costs in the amount of $32,120 associated with bringing the instant motion.

      The Defendant has filed an opposition to Plaintiff's motion to compel and also filed a motion for protective order to foreclose inquiry into: 1) communications between Klaas and any co-plaintiffs in the Nevada action as of the date they indicated their intent to become a party to that action; 2) fee and cost arrangements concerning the Nevada action; 3) investors or investments concerning the Plaintiffs; 4) documents available to the Plaintiffs or already produced in this or the Nevada action; and 5) defendant's relationship or interactions with Ms. Goodspeed.

## *Background*

On May 21, 2005, Plaintiff and Defendant entered into a contract providing defendant with access to the Vestin Client List for certain specified purposes. Pursuant to the terms of the contract, Defendant made a formal written request for the Vestin Client List. Defendant signed a sworn affidavit that he would not use the Client List in any venture and that the Client List would only be used to conduct the business of Vestin Fund II, LLC. Plaintiff believes that defendant used the Client List to solicit plaintiffs for a lawsuit against Vestin Fund II. These efforts were successful and as a result, Vestin now faces litigation in Nevada state court. Plaintiff claims that once Defendant finished using the Client List to solicit clients for his own lawsuit, he bartered Vestin's Client List to an attorney for the purpose of assisting that attorney in soliciting plaintiffs to bring a class action lawsuit in San Diego Superior Court.

The Plaintiffs assert causes of action for Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing; Intentional Misrepresentation; Negligent Misrepresentation; Conversion; Misappropriation of Trade Secrets; and Interference with Business Interest based on Klaas' alleged use of the Vestin Client List for: (1) the solicitation of plaintiffs for the lawsuit in Nevada (see paragraph three of the complaint) and (2) the "selling" of the list to attorneys Shustek & Partners, P.C. that allowed them to solicit plaintiffs for a class action lawsuit in San Diego. The Plaintiffs seek compensatory damages in excess of $1,000,000; judicial declaration that defendant return all benefits received, including the goods he bartered for in exchange for the Client List and any proceeds received in the action entitled *Klaas v. Vestin Mortgage*, (the Nevada case); preliminary and permanent injunction; punitive and exemplary damages; costs of suit and attorney's fees.

## *Discussion*

At issue in the instant motion to compel are: (1) Defendant's responses to Interrogatory Nos. 6, 7, 18 and 19; (2) Defendant's responses to Requests for Production of Documents Nos. 1-6, 10-13, 16, 18-32; (3) Plaintiffs' request that the Defendant appear for an additional 5 hour deposition; and (4) fees and costs in the amount of $32,120 for bringing the instant motion. Alternatively, the Defendant seeks a motion for protective order to limit the above discovery.

///

*1. Interrogatories 6, 7, 18 and 19*

The Court has reviewed the Interrogatories in question and finds the Defendant's claims of privilege regarding the information sought regarding fees in Interrogatory Nos. 6 and 7 to be without merit.[1] *Ralls v. United States*, 52 F.3d 223, 225 (9th Cir.1995); *U.S. v. Blackman*, 72 F. 3d 1418, 1424 (9th Cir. 1995). Plaintiffs' motion to compel further responses to these requests is GRANTED.

With regard to Interrogatory Nos. 18 and 19,[2] which seek information concerning transactions and agreements with Dinah Goodspeed, the Court finds the information sought discoverable but limits these requests to the time period of May 21, 2005 to present. The Plaintiffs' motion to compel further responses to these requests is hereby GRANTED with this limitation. Defendant's supplemental responses must be served by November 9, 2010.

*2. Document Request Nos. 1-6, 10-13, 16, 18-32*

The Court has reviewed the document requests at issue and finds as follows. The Court finds Plaintiffs' Request for Production of Documents Nos. 1-6 to be over broad and burdensome on their face. As such, the Plaintiffs' motion to compel further responses to these requests is DENIED.

The Plaintiffs' Request for Production of Documents Nos.10, 12 and 13 are hereby limited to all non-privileged documents. The Plaintiffs' motion to compel further responses to these requests is hereby GRANTED with this limitation.

With regard to Plaintiffs' Request for Production of Documents Nos.16,18 -23 and 26 the scope of these requests is hereby limited in time to the period of May 21, 2005 to present. The Plaintiffs' motion to compel further responses these requests is hereby GRANTED with this limitation.

With regard to Plaintiffs Requests for Production of Documents Nos. 28-31, the scope of these requests is hereby limited to documents in any way related to Vestin for the time period of May 21, 2005

---

[1] Plaintiffs' Interrogatory No. 6 states: Identify the actual or approximate total amount of money YOU received from the plaintiffs in *Klaas v. Vestin Realty Mortgage II, Inc., et al.* (Please indicate if the amount given is an actual calculation or an approximation.)
   Plaintiffs' Interrogatory No. 7 states: Identify the actual or approximate total amount of money YOU have received from the attorneys in *Klaas v. Vestin Realty Mortgage II, Inc., et al.* (Please indicate if the amount given is an actual calculation or an approximation.)

[2] Plaintiffs' Interrogatory No. 18 states: DESCRIBE WITH SPECIFICITY all facts RELATING TO YOUR business transactions with Dinah R. Goodspeed.
   Plaintiffs' Interrogatory No. 19 states: DESCRIBE WITH SPECIFICITY any oral or written agreements between YOU and Dinah R. Goodspeed RELATING TO investment in Vestin.

to present. The Plaintiffs' motion to compel further responses these requests is hereby GRANTED with this limitation.

Plaintiff's Request for Production of Documents No. 32 is hereby limited to exclude any documents previously produced by Mr. Klaas in response to other discovery in this case. The Plaintiffs' motion to compel further response this request is hereby GRANTED with this limitation.

With regard to Plaintiffs' Requests for Production of Documents Nos. 11, 24, 25 and 27, the Court finds the Defendant's objections unpersuasive and hereby GRANTS the Plaintiffs' motion to compel further responses to these requests.

The Court is not moved by the Defendants argument that he should not be required to produce a privilege log. To the extent the Defendant intends to make any claim of privilege concerning any of the supplemental responses ordered herein, the Defendant must provide a privilege log so that the Plaintiffs and this Court can evaluate the Defendants claims as to each document.

The Plaintiffs argue that the Defendant has waived any claim of privilege because he failed to produce a privilege log. In determining whether privilege is waived if a privilege log is not produced within 30 days of a request for production of documents, the Ninth Circuit has stated that a district court should, use the 30-day period as a default guideline, but make a case-by-case determination. Fed. Rules Civ. Proc. Rule 34, 28 U.S.C.A; *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Given the circumstances of this case, the Court does not find a complete waiver of any privilege associated with these requests for failure to provide a privilege log to be warranted. Defendant is ordered to supplement his responses and supply a privilege log by November 9, 2010.

### *3. Deposition of Defendant Klaas*

The federal rules limit the manner in which objections may be made during a deposition. Under the Federal Rules of Civil Procedure, Rule 30(d)(1), any objection during a deposition must be stated concisely and in a non-argumentative manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4). Rule 30(d)(4) authorizes motions for protective order "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass,

or oppress the deponent or party . . . " Upon such a showing, the court "may limit the scope and manner of the taking of the deposition as provided in Rule 26(c)." Under Fed. R. Civ. P. 26(c) a party seeking to limit discovery must make a "strong showing" for limitation, and a particular and specific need for the protective order. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal.1990).

The Court has reviewed the uncertified realtime rough drafts of the Defendant's deposition transcripts and finds the information sought to be both relevant and discoverable.[3] The majority of the Defendant's counsel's objections are inappropriate and do not comply with the requirements set forth in Rule 30(d)(1). The Plaintiffs' motion to compel Defendant Klaas to appear for deposition for an additional 5 hours at Plaintiff's counsel's office is hereby GRANTED.

Given Defendant's counsel prior inability to comply with the limitations of Rules 30 and 32, the following "Clifton Order"[4] shall set forth limitations on the conduct of the participants at the deposition to eliminate further inappropriate conduct. *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993)(Rule 30(d) also confirms the authority of the court to impose limits on the conduct of the deposition.) As such, the remaining deposition(s) will be conducted per the following guidelines:

a.   At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness' own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition. The witness shall abide by these instructions.

b.   All objections, except those which would be waived if not made at the deposition under Federal Rule of Civil Procedure 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to Federal Rule of Civil Procedure 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of depositions.

---

[3] During the Defendant's deposition, the Plaintiffs asked Defendant: 1) whether he searched for or produced documents in response to particular discovery requests; 2) to read one of his discovery responses and verify its accuracy; 3) whether he had an attorney during a particular time period; 4) whether he decided to use the Vestin client list to bring a legal action against Plaintiffs; and 5) whether he recalled his prior testimony.

[4] Since the underlying purpose of a deposition is to find out what a witness saw, heard or did, the question and answer conversation must take place between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers. The witness comes to a deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record . . . rather a lawyer must accept the facts as they develop. *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993).

  c. Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.

  d. Counsel shall not make objections or statements which might suggest an answer to a witness. Counsels' statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

  e. Counsel and their witness-clients shall not engage in private, off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.

  f. Any conferences which occur pursuant to, or in violation of, guideline 5 are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.

  g. Any conferences which occur pursuant to, or in violation of, guideline 5 shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

  h. Deposing counsel shall provide to the witness' counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and witness' counsel do not have the right to discuss documents privately before the witness answers questions about them.

  i. Depositions shall otherwise be conducted in compliance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Defendant's counsel is warned that any further failure to comply with the requirements set forth above will result in the imposition of sanctions.

### *4. Plaintiffs Requests for Sanctions*

The Plaintiffs seeks $32,120 in fees and costs for bringing the instant motions. Given the overly broad nature of many of the Plaintiffs requests and the necessity of the limitations imposed by this Court, the Court finds the Plaintiffs' request to be inappropriate. However, given Defendant's counsel's blatant obstructionist behavior during Defendant's deposition, the Court finds the request that Defendant's counsel pay all attorney fees and costs for Defendant's 5 hour deposition to be appropriate. Within 7 days of the conclusion of the Defendant's deposition, Plaintiffs shall contact the Court's law clerk for a hearing date and file a declaration of fees and costs. The Defendant shall have 7 days from the filing date of Plaintiff's declaration to file an opposition.

///

///

*Conclusion*

For the reasons set forth above, the Plaintiffs' motion to compel [Doc. No. 34] is GRANTED as set forth above for Interrogatory Nos. 6, 7, 18 and 19, and Requests for Production of Documents Nos.10-13, 16, 18-32, and DENIED as to Requests for Production of Documents Nos. 1-6. The Plaintiffs motion to compel an additional five hours of deposition time for the Defendant Kenneth Klaas is GRANTED. Plaintiffs' motion for attorney fees and costs in the amount of $32,120 associated with bringing the instant motion is DENIED In PART and the Plaintiff's are ORDERED to contact the Court's law clerk for a hearing date and file a declaration of fees and costs within 10 days of the conclusion of the Defendant's deposition. The Defendant shall have 7 days from the filing date of Plaintiff's declaration to file an opposition. Defendant's motion for protective order [Doc. No. 35] is DENIED.

IT IS SO ORDERED.

DATED: October 25, 2010

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court