1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| VESTIN REALTY MORTGAGE II, INC., *et al.*, <br><br> Plaintiff, <br> v. <br><br> KENNETH D. KLAAS, and DOES 1 through 50, Inclusive, <br><br> Defendant. | Civil No. 08-cv-2011 AJB (MDD) <br><br> **ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR ATTORNEYS' FEES AND COSTS, AND (2) OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST** <br><br> [Doc. No. 82] |

12
13
14
15
16
17
18
19
20

On July 27, 2012, the Court granted in part and denied in part Defendant's Motion

21 for Attorneys' Fees and Costs.  (Doc. No. 96 and Doc. No. 82, respectively.)  All that

22 remains is for the Court to determine the appropriate amount of the award.  Defendant

23 requests a total award of $373,616.72 in attorneys' fees and costs.  (Doc. No. 114.)

24 Plaintiffs object to Defendant's requested amount on various grounds.  (Doc. Nos. 102,

25 115.)  For the reasons set forth below, Plaintiffs' Objections are OVERRULED IN PART

26 and SUSTAINED IN PART, and the Court GRANTS IN PART and DENIES IN PART

27 Defendant's request for attorneys' fees and costs.  The Court hereby GRANTS Defendant

28 $300,831.06 in attorneys' fees, and DENIES Defendant's request for costs.

### *Procedural Background*

After initially concluding Defendant is entitled to attorneys' fees and costs, the Court directed Defendant to provide Plaintiffs with detailed billing statements for all relevant periods on or before August 10, 2012.  (Doc. No. 97.)  The Court directed the parties to meet and confer regarding the fees requested by the Defendant, and allowed Plaintiffs the opportunity to object to the requested amount.  (*Id.*)  On August 9, 2012, Defendant filed a supplemental declaration in support of his request for attorneys' fees and costs.  (Doc. No. 100.)  Defendant filed another supplemental declaration on August 24, 2012.  (Doc. No. 101.)  That same day, Plaintiffs filed their objections to the amount of attorneys' fees and costs requested by Defendant.  (Doc. No. 102.)  On September 7, 2012, Defendant filed his response to Plaintiffs' objections.  (Doc. No. 106.)

On March 21, 2013, the Court took the matter under submission and directed Defendant to submit a final summary of the total requested amount, including any additional time incurred regarding the motion for attorneys' fees itself.  (Doc. No. 113.)  The Court again allowed Plaintiffs to file an opposition to any additional amounts requested by Defendant in their finalized request.  (*Id.*)  Accordingly, Defendant submitted an updated total of attorneys' fees and costs on March 25, 2013, (Doc. No. 114), and Plaintiffs filed objections to the additional time billed on March 27, 2013, (Doc. No. 115).  Having reviewed the briefing and accompanying exhibits, the Court noted Defendant had not provided the necessary information regarding the qualifications and experience of the attorneys and paralegals involved in the case.  Accordingly, the Court directed Defendant to submit *curricula vitae* and background information for the billing attorneys and paralegals.  (Doc. No. 116.)  On April 4, 2013, Defendant submitted the requested information.  (Doc. No. 117.)

### *Discussion*

### I.   *Calculating the Reasonable Amount of Attorneys' Fees*

This Court previously concluded Nevada law governed Defendant's recovery of attorneys' fees as Nevada provided the state substantive law applicable in this diversity

08cv2011

action.  (*See* Doc. No. 96 at 4-5.)[1]  Not only is the state substantive law properly applied in determining the right to fees in a diversity case, but state substantive law is also applied in determining the proper method of calculating the amount of the award. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470,1478 (9th Cir. 1995)(citing *Kern Oil and Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380 (9th Cir. 1986), *cert denied*, 480 U.S. 906 (1987).  Accordingly, the Court will continue to apply Nevada law when calculating the proper amount of attorneys' fees and costs.

The method for determining reasonable attorneys' fees in Nevada is not limited to one specific approach, but the analysis must begin with a method rationally designed to calculate a reasonable amount as tempered by reason and fairness.  *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 862-63 (Nev. 2005) (citing *University of Nev. v. Tarkanian*, 110 Nev. 581, 590, 519, 594 (Nev. 1994)).  Such amount may be based on the lodestar method, which multiplies the number of hours reasonably spent on the case by a reasonable hourly rate for an attorney of the skill required to perform the litigation.  *Id.*; *Herbst v. Humana Health Ins. of Nev., Inc.*, 105 Nev. 586 (1989).  Regardless of which method is chosen as a starting point, the court must continue its analysis by considering the requested amount in light of the following factors:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

*Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349 (1969) (citations omitted); *see Barney v. Mt. Rose Heating & Air Conditioning*, 124 Nev. 821, 829 (2008); *Shuette*, 121 Nev. at 864-65.  The Court has discretion when weighing these factors, though no one element should predominate or be given undue weight.  *Brunzell*, 85 Nev. at 350.

---

[1] Throughout this Order, citations to the docket will refer to the CM/ECF pagination unless otherwise noted.

1    **A.    Lodestar Calculation**

2        Utilizing the lodestar method, Defendant initially requested $295,079.25 in

3    attorneys' fees in his motion for attorneys' fees.  (Doc. No. 82-1 at 15.)  As support for

4    the requested amount, Defendant provided a declaration from Defendant's lead counsel

5    Edgar H. Hayden, Jr.  (Doc. No. 82-2.)  In his declaration, Mr. Hayden attests to the rates

6    billed by the attorneys and paralegals working on Defendant's case, including himself,

7    and states their rates are well within the reasonable comparable rates of the San Diego

8    community.  (*Id.* at ¶ 3.)  Additionally, Defendant provided supplemental briefing

9    describing the background and credentials of the other billing attorneys and paralegals.

10   (Doc.  No. 114.)  Defendant also provided a chart delineating the hours billed by Defen-

11   dant's attorneys and paralegals at their individual rates, resulting in the initially requested

12   $295,079.25.  Finding this chart helpful, the Court includes it here.

| ATTORNEY | HOURLY RATE | TOTAL HOURS | BILLED AMOUNT |
|---|---|---|---|
| Edgar H. Hayden, Jr. | $330 | 596.5 | 196,845.00 |
| Peta L. Hallisey | $375 | 132.50 | 49,6887.50 |
| Stephen L. Waldman | $330 | .30 | 99.00 |
| David P. Ruth | $375 | 1.10 | 412.50 |
| A. Jacqueline Schon | $220 | 3.80 | 836.00 |
| Bret A. Bartolotta | $300 | 113.30 | 33,990.00 |
| Robert C. Mardian | $275 | 6.90 | 1,897.50 |
| J. Clancy Wilson | $425 | 4.50 | 1,912.50 |
| Shirley L. Kovar | $425 | .25 | 106.25 |
| Jason Sinford (paralegal) | Average rate of $126.97 | 65.00 | 8,253.00 |
| Robyn Frattali (paralegal) | $130.00 | 8.00 | 1,040.00 |
| TOTAL FEES | | | $295,079.25 |

27       Having reviewed Defendant's motion, the accompanying declaration by Edgar G.

28   Hayden, Jr., the qualifications of the billing individuals,  and in light of this Court's own

experience, the Court finds the lodestar amount requested by Defendant appears reasonable.  In the chart above, Defendant provided a breakdown of the initially requested $295,079.25, specifically listing the individualized rates as multiplied by the number of hours spent by each person on Defendant's case.  The Court finds this appropriate as the attorneys and paralegals have various degrees of experience and differing qualifications.

In addition to the original $295,079.25 requested, Defendant seeks an additional $59,951.50 for fees billed after the filing of the original motion for attorneys' fees.  (Doc. No. 114.)  However, Plaintiffs object to the entirety of this additional amount as excessive and unreasonable.  Accordingly, the Court will consider the additional $59,951.50 billed by Defendant within the Court's analysis of Plaintiffs' objections.  Thus, the lodestar amount to be considered with regard to the *Brunzell* factors under Nevada law is $295,079.25.

**B.     Consideration of *Brunzell* Factors**

As noted above, Nevada law allows courts to utilize the lodestar method initially, but then courts must consider the reasonableness of the lodestar amount in light of the factors set forth in *Brunzell*.  In this instance, the Court finds adjustments to the lodestar amount unnecessary in light of the *Brunzell* factors.

**1.     The Qualities of the Advocate**

Having reviewed the qualifications and background of the billing attorneys and paralegals, the Court finds this factor weighs in favor of the overall reasonableness of the requested amount.  (Doc. No. 82-2 at ¶ 3; Doc. No. 117.)  Here, taking particular note of the varying degrees of ability, training, education, experience, professional standing and skill amongst the different individuals, the Court finds the rates billed and the hours expended to be reasonable under the circumstances.  Morever, the Court notes the attorneys charging higher rates billed fewer hours than those charging lower rates, with the sole exception being the lead attorney in the case, Mr. Hayden.  This structure makes sense financially for the client, and also lends itself to a finding of overall reasonableness.

08cv2011

### 2.    The Character of the Work

Plaintiffs initially alleged seven claims against Defendant, seeking over a $1,000,000 in compensatory damages as well as punitive and exemplary damages.  (Doc. No. 1.)  While not the most complex of cases, it has been contentiously litigated and there have been substantial issues of law raised by the parties.  On the whole, the level of difficulty and importance of the work, while not extraordinarily high, was typical for a case of this type.  Accordingly, the character of the work does not justify either an increase or a decrease of the lodestar amount.

### 3.    The Work Actually Performed

As noted, this case has been lengthy and contentiously litigated by both parties. The case included highly-disputed discovery issues and proceeded all the way to the summary judgment phase.  While not successful on every motion, the Court finds the work performed by Defendant's attorneys and paralegals to have been generally reason-able and competently performed overall.  Accordingly, this factor also weighs in favor of finding the lodestar amount reasonable.

### 4.    The Result

As noted in the Court's previous order, Defendant is entitled to attorneys' fees by virtue of being the prevailing party.  Defendant's attorneys and paralegal played a significant role in his successful defense against Plaintiffs' claims.  The overall success achieved by Defendant's counsel also suggests the lodestar amount is reasonable.

## C.    Conclusion

In light of the above, the Court finds the initially requested $295,079.25 lodestar amount to be reasonable and, thus, adopts the calculations provided by Defendant. Having calculated the appropriate lodestar amount, the Court now considers Plaintiffs' objections in order to determine whether any adjustments to the lodestar are necessary.

/ / /

/ / /

/ / /

08cv2011

## II.    *Plaintiffs' Objections to Defendant's Requested Fees*

Plaintiffs make several objections to the attorneys' fees requested by Defendant. The Court will address each of these objections individually and what, if any, impact it has upon the total amount awarded.

### A.    **Fees Related to Appeal - $1,465.69[2]**

Plaintiff objects to Defendant's request for attorneys' fees relating to Plaintiffs' appeals in this action.  (Doc. No. 102 at 3-4.)  Plaintiffs contend the Court granted Defendant attorneys' fees in this action only and not in the separate appeals.  Plaintiffs further contend Defendant is not the prevailing party in the appeal and, thus, appeal-related fees should be denied.  In total, Plaintiffs allege Defendant has requested $1,465.69 in unrecoverable, appeal-related fees.

Defendant opposes Plaintiffs' objection in this regard, suggesting it would be unjust for Defendant to "have to wait for payment of his fees on these preliminary appeal issues, which include analysis of the appeal effects on the current status of the case, calendaring of deadlines and settlement/mediation issues through the appellate court's mediation program."  (Doc. No. 106.)  Further, "Defendant does not want to be in the position of having waived these fees, by not claiming them as they are incurred."  (*Id.*)

---

[2] In Plaintiff's original objections to the requested attorneys' fees, Plaintiffs objected to $1,465.69 billed for appeal-related tasks.  (Doc. No. 102 at 3-4.)  In their objections to Defendant's final requested amount, Plaintiffs objected to an additional $2,963.25 in appeal-related fees; however, as discussed further below, the Court is declining to award a large portion of the additional fees requested by Defendant. Accordingly, any objectionable appeal-related fees will largely be eliminated, if not entirely.  Accordingly, the Court need only address the $1,465.69 in appeal-related fees originally requested by Defendant.

In making these assertions, however, neither party provided the Court with any authority regarding the propriety of awarding attorneys' fees related to a pending appeal.[3] Generally, attorneys' fees are not recoverable absent a statute, rule or contractual provision to the contrary. *Bobby Berosini, Ltd. v. People for the Ethical Treatment of Animals*, 114 Nev. 1348, 1356 (1998). Here, the Court previously determined Defendant was entitled to fees by virtue of various statutory and contractual grounds. As such, the Court must determine whether the applicable statutory provisions and terms of the contract contemplated the award of fees associated with a pending appeal.

In its previous Order regarding fees, the Court concluded Defendant was entitled to attorneys' fees under Nev. Rev. Stat. §§ 18.010(2)(a), 86.243(3)(c), and 86.431(1). (Doc. No. 96 at 6-8.) Having reviewed these sections and their surrounding provisions, the statutes are silent with respect to the award of attorneys' fees on appeal. Accordingly, the Court finds no basis for concluding Defendant is statutorily entitled to attorneys' fees associated with the pending appeal.[4] Moreover, the Court notes all three statutory provisions have a common basis for awarding attorneys' fees, specifically they each authorize an award of attorneys' fees to the prevailing or successful party. Here, Defendant has prevailed in this Court, but has yet to do so on the appellate level. Accordingly, the Court concludes Defendant is not statutorily entitled to attorneys' fees associated with Plaintiffs' appeal. There being no statutory entitlement, the Court next considers whether Defendant is contractually entitled to the appeal-related fees.

---

[3] Defendant cited *Marks v. Clarke* for the proposition that the Court has the authority to award interim fees and the ongoing dispute between the parties does not preclude a fee award. (Doc. No. 106 at 2 (citing *Marks v. Clarke*, 102 F.3d 1012, 1034 (9th Cir. 1996).) In *Marks*, the Ninth Circuit concluded a plaintiff prevailing on appeal may be entitled to attorneys' fees despite the interlocutory state of the proceedings when the Ninth Circuit had conclusively established the plaintiff's entitlement to relief among other things. This is simply not the case here as Defendant has yet to prevail at the appellate level.

[4] *See Bobby Berosini, Ltd.,* 114 Nev. at 1356 (concluding defendant is not entitled to attorneys' fees on appeal where the applicable statute does not explicitly authorize attorneys' fees on appeal).

In addition to the statutory bases, the Court previously determined Defendant was entitled to an award of attorneys' fees pursuant to the terms of the LLC Operating Agreement.  (Doc. No. 96 at 8-9.)  In *Musso v. Binick*, the Nevada Supreme Court noted "the majority of states now recognize that a contract provision for attorney's fees includes an award of fees for successfully bringing or defending an appeal."  104 Nev. 613 (1988) (citing *Zambruk v. Perlmutter 3rd Generation Builders, Inc*., 510 P.2d 472, 476 (1973); *Mgmt. Serv. v. Dev. Assoc*, 617 P.2d 406 (Utah 1980); *Contractual Provision for Attorneys' Fees as Including Allowance for Services Rendered Upon Appellate Review*, 52 A.L.R. 2d 863 (1957)).  Accordingly, the court in *Musso* recognized the right to appeal-related fees pursuant to the terms of the contract.  Significantly, however, appeal-related fees are available "for successfully bringing or defending an appeal.  *Id.* Here, the appeal remains pending and there has been no ruling on the merits of either parties' arguments at the appellate level.  As such, Defendant has not successfully defended the appeal as of yet; therefore, appeal-related fees pursuant to the contractual provisions of the LLC Operating Agreement are not appropriate at this time.

Understandably, Defendant would prefer to recover the appeal-related fees now rather than later, but Defendant has not provided any basis for the Court to award them at this time.  Accordingly, Plaintiff's objection in this regard is SUSTAINED.  Accordingly, the Court DENIES Defendant's request for appeal-related fees and deducts $1,465.69 from the lodestar amount accordingly.

### B.    Fees Related to Cross-Complaint

Plaintiffs also object to the award of attorneys' fees related to the researching and drafting of a cross-complaint that Defendant never filed.  (Doc. No. 102 at 4.)  Plaintiffs contend Defendant did not file the cross-complaint, and should not recover the fees associated with the pleading as a result.  Specifically, Plaintiffs suggest Defendants opted not to bring that action and thus did not prevail on its merits as required to recover attorneys' fees.  As a result, Plaintiffs object to $4,332.50 of the total amount requested as impermissibly relating to the cross-complaint.

In response to Plaintiffs' objection, Defendant contends he "did not start the litigation and is now entitled to end it with the least damage to himself."  (Doc. No. 106 at 3.)  Defendant further argues researching and drafting the cross-complaint was part of the duty of a reasonable defense counsel, necessary to perform a complete analysis of all possible defenses and tactics against Plaintiffs' claims.  and therefore should be included

/ / /

 in the award.  Accordingly, Defendant contends the $4,332.50 spent on this analysis was entirely reasonable under the circumstances.

Once again, neither party provided any legal authority for their arguments.  Ultimately, courts must award a reasonable fee, and there is a great deal of discretion in what a court may find reasonable.  *Univ. of Nev. v. Tarkanian*, 110 Nev. 581, 594 (Nev. 1994).  Having found no directly applicable precedent on this issue,  the Court must determine whether it is reasonable under the circumstances to award attorneys' fees associated with Defendant's unfiled cross-complaint.  In this case, Defendant is statuto-rily and contractually entitled to attorneys' fees as the prevailing party in this action, meaning Defendant successfully defended against all of Plaintiff's seven causes of action.  However, a cross-complaint raises new and different causes of action from those asserted in the original plaintiff's complaint.  "The defendant becomes a plaintiff to all intents and purposes by filing a cross-complaint."  *Hansen v. Pacific Coast Asphalt Cement Co.*, 243 F. 283, (D.C. Cal. 1917); *Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1132 (S.D. Cal. 2002).  As Plaintiffs argue, Defendant did not prevail on the claims raised in the cross-complaint.  Nor does Defendant's success against Plaintiff's claims necessarily equate to similar success on his own claims.

As a result, the Court declines to award Defendant attorneys' fees associated with the unfiled cross-complaint.  In sum, Defendant was not the prevailing party as to the claims in the cross-complaint, and the Court is not persuaded by Defendant's argument that a cross-complaint was necessary to analyze the available defenses.  Cross-complaints are not required to assert affirmative defenses.  While it may have been reasonable for

counsel to consider pursuing claims against Plaintiffs, Defendant ultimately opted not to do so and, thus, is not the prevailing party in that regard.  Accordingly, Plaintiffs' objection in this regard is SUSTAINED, and the Court DENIES Defendant's request for $4,332.50 attorneys' fees relating to the unfiled cross-complaint.  This amount will be deducted from the overall lodestar amount.

/ / /

### C.    Non-Attorney Fees - $12,715.88

Plaintiffs object to the Defendant's request for paralegal fees and fees related to administrative tasks.  (Doc. No. 102 at 4.)  In particular, Plaintiffs object to fees generated by paralegals for downloading documents, sending reminder dates to attorneys, and other similar items.  Plaintiffs contend these types of fees should be subsumed in the firm's overhead costs and should not be considered recoverable attorneys' fees simply because Defendant separately itemizes these tasks for billing purposes.  Accordingly, Plaintiffs ask that the Court reduce the award by $12,715.88.

In response, Defendant contends he is entitled to reasonable paralegal and law clerk fees when that is an accepted local practice.  (Doc. No. 106 at 3 (citing *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571 (2008).)  Defendant argues the hours billed in this case, by both attorneys and paralegals, are proper and necessary tasks.  "Scheduling of deadlines, assuring proper court filings, organization or file preparation for presentation at a hearing or preparation for filing or responding to motions are critical and important tasks for which the lawyer is responsible."  (Doc. No. 106 at 3.)

Having reviewed the entries objected to by Plaintiffs, the Court agrees with Defendant and finds these tasks necessary in order to defend against Plaintiffs' claims. Generally, paralegal fees are included in attorneys' fees awards, and the Court finds it

/ / /

/ / /

/ / /

/ / /

1  / / /

2  / / /

3  / / /

4  / / /

5  / / /

6  / / /

7  reasonable to award them under the circumstances here.[5]  As a result, Plaintiffs' objec-

8  tions in this regard are OVERRULED and Defendant may recover paralegal fees.

9      **D.**    **Fees Related to Plaintiffs' Motion to Compel**

10        Plaintiffs further object to Defendant's request for fees associated with Defendant's

11  response to Plaintiffs' motion to compel and to abide by the Court's subsequent order.

12  (Doc. No. 102 at 5.)  Plaintiffs contend they should not have to pay fees incurred as a

13  result of the blatantly obstructionist behavior of Defendant's counsel.  Accordingly,

14  Plaintiffs ask that the Court deny Defendant's request for $41,610.35 in fees associated

15  with Plaintiffs' motion to compel.

16        In response, Defendant argues a legitimate discovery dispute arose between the

17  parties, and the motion to compel was a natural consequence.  (Doc. No. 106 at 3-5.)

18

---

19      [5] While not binding precedent, the Court found the following rationale from the
20  Nevada Supreme Court insightful:

21      The United States Supreme Court has held that reasonable attorney fees
provided for by statute should compensate for work of paralegals and for law
22  students who serve as law clerks. *Missouri v. Jenkins*, 491 U.S. 274, 285–86
(1989).  The Court reasoned that public policy encourages cost-effective
delivery of legal services by reducing the spiraling cost of litigation. *Id.* at 288.
23  Courts throughout the country have agreed. *Trustees of Const. v. Redland Ins.
Co*, 460 F.3d 1253, 1257 (9th Cir. 2006); *Jacobs v. Mancuso*, 825 F.2d 559,
24  563 n. 6 (1st Cir. 1987); *Cameo Convalescent Center, Inc. v. Senn*, 738 F.2d
836, 846 (7th Cir. 1984); *Knop v. Johnson*, 712 F. Supp. 571, 580 (W.D. Mich.
25  1989); *Continental Townhouses East v. Brockbank*, 733 P.2d 1120, 1127 (Ariz.
Ct. App. 1986).  In consideration of the public policy of reducing costs for
26  litigants and to ensure the proper training of future attorneys, we conclude that
the district court erred in refusing to award Exposure attorney fees for services
27  performed by law clerks.

28  *Exposure Graphics v. Rapid Mounting Display*, 2012 WL 1080596 at *4 (Nev. Mar. 29,
2012).

1  Defendant alleges the Court granted some of Plaintiffs' requests while also limiting some

2  of Plaintiffs' overly-broad discovery inquiries.  Moreover, Defendant notes the Court

3  required Defendant to pay Plaintiffs' attorneys fees for the additional time necessary to

4  depose Defendant, but did not otherwise award the sanctions or attorneys' fees requested

5  by Plaintiff given the overly broad nature of many of the Plaintiffs' discovery requests

6  and the necessity of the limitations imposed by the Court.  To the extent the Court

7  decides attorneys' fees are not recoverable, Defendant contends they should be limited to

8  those fees associated with the additional five-hour deposition.  Defendant's counsel states

9  that he spent ten hours associated with the deposition and billed at $330 an hour, for a

10  total of $3,300.  (Doc. No. 32-2 at 5.)  However, on the whole, Defendant argues a party

11  who obtains a clear victory on the entire litigation is entitled to his reasonable attorney

12  fees for that result even if the party has lost on other motions during the litigation.  (*Id.*

13  (citing *HSU v. Abbara*, 9 Cal. 4th 863, 876-77 (Cal. 1994)).)          As a general

14  matter, the Court agrees with Defendant's suggestion that prevailing parties are entitled to

15  recover the full amount of their fees associated with the action, regardless of minor

16  victories and losses along the way.  In the Ninth Circuit, "[i]f a plaintiff ultimately wins

17  on a particular claim, she [or he] is entitled to all attorney's fees reasonably expended in

18  pursuing that claim-even though she may have suffered some adverse rulings." *Corder v.*

19  *Gates*, 947 F.2d 374, 379 n. 5 (quoting *Cabrales v. County of Los Angeles*, 935 F.2d

20  1050, 1053 (9th Cir. 1991)); *see also Univ. of Nev.,* 110 Nev. at 594.  Under this theory,

21  Defendant should be entitled to the full award of attorneys' fees and costs as the prevail-

22  ing party so long as they were reasonably expended.

23        In this particular situation, however, the Court's previous ruling on the motion to

24  compel requires additional consideration.  In the motion to compel, Plaintiffs requested

25  sanctions in the form of all the attorneys' fees and costs associated with the motion, but

26  the Court denied this request given the overly broad nature of many of the Plaintiffs

27  discovery requests and the necessity of the limitations imposed by the Court.  (Doc. No.

28  50 at 6.)  However, the Court did impose sanctions based upon Defendant's counsel's

"blatant obstructionist behavior" at the initial deposition of Defendant.  (*Id.*)  Accordingly, the Court directed Defendant's counsel to pay all attorney fees and costs for the additional five-hour deposition required as result.  (*Id.*)  Similarly, the Court declines to award Defendant's fees for time spent as a result of their sanctionable behavior, regardless of Defendant's ultimate success in the litigation.

///

Under these circumstances, Defendant may recover fees associated with the motion to compel generally; however, Defendant may not recover fees relating to the additional five hours of deposition required based upon counsel's sanctionable behavior.  Accordingly, the Court SUSTAINS IN PART and OVERRULES IN PART Plaintiffs' objections to the requested fees pertaining to the motion to compel. In the declaration accompanying Defendant's motion for protective order in response to Plaintiffs' motion to compel, counsel states he spent ten hours briefing the deposition issue at a rate of $330 an hour. (Doc. No. 35-2 at ¶ 19.)  Presumably, counsel also billed at this rate for the subsequent five-hour deposition, reaching a total of $4,950.[6]  Accordingly, the Court DENIES Defendant's request for fees with regard to the deposition issue and the five hours of additional deposition time of Defendant.  Thus, the Court will deduct $4,950 from the lodestar amount to prevent Defendant from recouping any attorneys' fees incurred as result of Defendant's counsel's poor behavior.

### E.    Fees Related to Defendant's Anti-SLAPP Motion - $46,326.12

Plaintiffs also object to the requested fees associated with Defendant's failed Anti–SLAPP motion.  (Doc. No. 102 at 5-6.)  In making this objection, Plaintiffs reiterate their continued belief that California substantive law should govern the claims and any resulting attorneys' fees in this case.  However, to the extent the Court determined Nevada law should be applied, Plaintiffs contend Defendant's Anti-SLAPP motion was

---

[6] Neither party has stated whether the additional five-hour deposition actually took place, but the Court presumes for the purposes of this motion that it did.

08cv2011

1    brought pursuant to California law, and Plaintiffs argue these fees are not recoverable as

2    the Court has determined attorneys fees are only "available on issues where Nevada law

3    controlled." (*Id.* at 5.) Thus, Plaintiffs ask the Court to deny Defendant's request for

4    $46,326.12 associated with the failed Anti-SLAPP motion.

5          Again, Defendant argues the success of individual motions is not determinative on

6    the issue of attorneys' fees; rather, it is the ultimate result of the litigation that determines

7    whether a party is entitled to attorneys' fees and costs. (Doc. No. 106 at 5-6.) Defendant

8    contends the appropriate test is whether the motion was reasonable and related to the

9    litigation. Defendant contends attorneys' fees are warranted as the motion was reason-

10   able under the circumstances and helped serve the additional purpose of furthering the

11   discovery process. Moreover, Defendant notes Plaintiffs did not object to the Anti-

12   SLAPP motion on the choice of law issue at the time it was filed.

13         With regard to Plaintiffs' argument based on the "failure" of the motion, the Court

14   agrees with Defendant generally as the success or failure of individual motions is not a

15   determinative factor in the award of attorneys' fees to a prevailing party. Here, the Court

16   found Defendant prevailed in this action such that he is entitled to a full award of

17   reasonable attorneys' fees and costs, regardless of failed motions along the way. As such,

18   it is irrelevant whether Defendant's Anti-SLAPP motion failed for the purposes of this

19   analysis.

20         Plaintiffs suggest Defendant cannot recover fees associated with the Anti-SLAPP

21   motion as it was brought pursuant to California law when Nevada law actually governs

22   the case. However, Plaintiffs have provided no authority for this contention. Plaintiffs

23   state this Court has found "fees are available on issues where Nevada law controlled," but

24   this misrepresents the Court's previous Order. Rather, the Court concluded Nevada law

25   governed the issue of attorneys' fees and costs as Nevada law had governed the substan-

26   tive issues in the case. (*See* Doc. No. 96.) Under the statutes and contractual language of

27   the LLC Operating Agreement, Defendant is entitled to reasonable attorneys' fees and

28   costs incurred in defending this action, and Plaintiff has provided no authority for

1    excluding the fees related to the Anti-SLAPP motion.  Here, Defendant's Anti-SLAPP

2    motion was reasonable under the circumstances, and the Court finds no reason to deny

3    Defendant the related fees.

4         Therefore, the Court OVERRULES Plaintiffs' objections to the fees related to

5    Defendant's Anti-SLAPP motion.

6    / / /

7    / / /

8    ### F.    Fees Identified After Filing Motion for Attorneys' Fees - $60,809.50[7]

9         Plaintiffs further object to the fees requested by Defendant for the time spent

10   preparing the motion for attorneys' fees and accompanying briefing.  (Doc. No. 102 at 6-

11   7.)  In Defendant's initial motion requesting attorneys' fees, Defendant sought

12   $295,079.82 for 932.15 hours billed by attorneys and paralegals in this case.  (Doc. No.

13   82-1 at 15.)  Defendant's counsel also estimated they would spend approximately 50 to

14   70 more hours preparing and submitting the motion for attorneys' fees on top of the

15   requested $295,079.82 and requested reimbursement for those fees as well.  (*See* Doc.

16   No. 82 at 13.)

17        As an initial matter, Plaintiffs contend billing 50 to 70 hours for an attorneys' fees

18   motion, reply, and hearing seems grossly excessive, and then notes that the motion was

19   taken under submission so billing related to the hearing was not even necessary.  (Doc.

20   No. 102 at 6.)  Consequently, Plaintiffs object even more stringently to the approximately

21   $60,000 later requested by Defendant for this work.  Plaintiffs argue this amount is

22   excessive and overreaching by Defendant's counsel.  As a result, Plaintiffs suggest the

23

24       [7] Plaintiffs suggest Defendant has billed an additional $65,121.00 in attorneys' fees
     beyond the originally requested $295,079.25.  (Doc. No. 115 at 3.)  Having reviewed the

25   various charts provided by Defendant, the Court's calculations have reached a different
     result, specifically $60,809.50.  This figures includes the $59,951.50 in additional billing

26   as represented on the chart as well as the additional $858 mentioned in the supplement
     declaration.  (Doc. No. 114 at 2, 3.)  Regardless of the difference between the Court's

27   calculation and the Plaintiffs' calculation, the result is ultimately the same.  The Court
     finds the billing by Defendant's counsel following the initial motion for attorneys' fees to

28   be excessive and will only award an additional $16,500 on top of Defendant's initial
     request for $295,079.25.

1   Court should deny compensation for the entire amount of the additional request to

2   discourage such overreaching and curb the practice of padding fee requests.  (Doc. No.

3   102 at 6-7 (citing *Farris v. Cox*, 508 F. Supp. 222, 227 (D.C. Cal. 1981); *Brown v.*

4   *Stackler*, 612 F.2d 1057 (7th Cir. 1980)).)

5        In response, Defendant argues the additional fees resulted from Plaintiffs' vigorous

6   opposition to Defendant's motion.  (Doc. No. 106 at 6.)  Defendant details the lengthy

7   briefing and documentary requirements placed on Defendant by Plaintiffs' stringent

8   opposition to his request.  Defendant contends Plaintiffs should not be able to litigate so

9   tenaciously, and then complain about the time necessarily spent by Defendant in response

10  to their efforts.  (*Id.* (citing *Serrano v. Priest (Serrano IV)*, 32 Cal. 3d 621, 638-39 (Cal.

11  1982)).)

12       Having reviewed all of the relevant briefing and billing records, the Court agrees

13  with Plaintiffs' assessment.  The Court finds the additional fees requested excessive

14  under the circumstances.  In this case, Defendant's counsel spent a total of 932.15 hours

15  prior to filing the motion for attorneys' fees.  (Doc. No. 82 at 15.)  Significantly, Defen-

16  dant's additional request of approximately $60,809.50 after filing the motion for attor-

17  neys' fees equates to approximately 184 additional hours at a $330 rate.  This request is

18  significantly higher than the original estimate of 50 to 70 hours.  Moreover, the additional

19  amount constitutes more than fifteen percent of the entire bill.  This seems entirely

20  disproportionate under the circumstances.  In light of the number of hours billed over the

21  original estimate and the disproportionate percentage of the total bill attributable to this

22  motion, the Court finds the requested amount excessive.[8]

23

---

24       [8] *See Blagrave v. Nutrition Management Services Co.*, 2009 WL 440299, at *10
     (E.D. Pa. Feb. 20, 2009) (noting "the approximately 83 hours spent by Mr. Norris
25   researching and preparing the motion is patently excessive" and only awarding fees for
     12 hours); *Deal ex rel Deal v. Hamilton County Dept. of Educ.*, 2006 WL 2854463, at
26   *17-18 (E.D. Tenn. Aug. 1, 2006) (finding 144.15 hours for preparing an application for
     attorneys' fees to be "unduly high" and reducing the hours requested by one-third); *M.L.*
27   *v. Federal Way Sch. Dist.*, 401 F.Supp.2d 1158, 1171 (W.D. Wash. 2005) (finding a total
     of 41.1 hours spent on a motion for fees to be somewhat excessive, even when motion
28   faced substantial opposition); *Murray ex rel. Murray v. Mills*, 354 F.Supp.2d 231, 241
     (E.D.N.Y. 2005) (finding the 150 hours counsel requested for his fee application to be

However, the Court declines Plaintiffs' invitation to deny all additional fees to Defendant. Certainly, this case and the motion for attorneys' fees have been contentiously litigated. Accordingly, the Court turns to counsel's original estimate in the motion for attorneys' fees, and finds $16,500 for an additional 50 hours billed at $330 to be a reasonable award in this regard. Thus, the Court will add $16,500 to the lodestar amount.

### G.   Duplicative Fees - $594.00

Plaintiffs object to Defendant's request for attorneys' fees that appear to have been charged twice for the same activity. Plaintiffs note charges on page 37 of Defendant's billing worksheets that are duplicated immediately thereafter on page 39. (Doc. No. 102-1 at 37, 39.) Specifically, there are two entries objected to on page 37: (1) "review file status, discovery status and telephone conference with re: case status" billed at $264.00, and (2) "review email and discovery status issues; draft letter to client re: litigation plans" billed at $330.00. (*Id.*) Thus, the total amount billed for these two entries is $594.00. However, both of these entries are repeated verbatim on page 39 for an additional $594.00 billed.

It certainly appears these billing entries were impermissibly duplicative. However, as noted by Defendant in his response to Plaintiffs' objections, on page 40 of that same document, an amount for $594.00 is noted as "unapplied" and subtracted from the total for that bill. (*Id.* at 40.) Thus, although there does initially appear to be duplication, this error is later cured within the invoice itself. Accordingly, the Court OVERRULES Plaintiffs' objection made on the basis of duplication.

### H.   Conclusion

---

"grossly amplified"); *Pretlow v. Cumberland County Bd. of Social Services*, 2005 WL 3500028, at *6 (D.N.J. 2005) (finding request for reimbursement for 37.8 hours on motion for attorneys' fees to be "unreasonable and excessive").

08cv2011

1       In sum, the Court concludes several of Plaintiffs' objections warrant adjusting the

2   lodestar amount.  The Court will make these changes below after addressing Plaintiffs'

3   objection to Defendant's request for additional costs.

4   ***III.    Defendant's Request for Costs***

5       In Defendant's motion for attorneys' fees, Defendant also seeks reimbursement of

6   costs beyond those already taxed by the Clerk of Court with regard to Defendant's Bill of

7   Costs.  (Doc. No. 82-1 at 16; Doc. No. 114 at 3.)  In Defendant's final requested amount,

8   Defendant seeks $18,585.97 in costs.  (Doc. No. 114.)  Among other objections, Plaintiffs

9   contend the excess costs are non-recoverable as a matter of law as issues of costs are

10  procedural and should be addressed by applying federal law rather than state substantive

11  law.  (Doc. No. 102 at 8.)  Plaintiffs note Defendant filed an uncontested Application of

12  Costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, (Doc. No. 81), and the

13  Clerk of Court thereafter taxed costs in Defendant's favor in the amount of $7,117.35.

14  (Doc. No. 90.)  As such, Plaintiffs contend Defendant may only recover those costs

15  available under federal law.  In response to Plaintiffs' argument, Defendant cites several

16  Nevada statutes authorizing the recovery of costs, but does not respond to Plaintiffs'

17  argument that federal procedural law should determine the award of costs rather than

18  state substantive law.  (Doc. No. 106 at 8.)

19      While previously determining Defendant was entitled to attorneys' fees and costs,

20  the Court determined state substantive law governed the award of attorneys' fees and

21  applied Nevada law in finding Defendant entitled to attorneys' fees and costs under the

22  circumstances.  As noted by Defendant, several of the Nevada statutes authorized an

23  award of costs to the prevailing party as well.  Similarly, costs are recoverable under Rule

24  54 of the Federal Rules of Civil Procedure.  However, the Court did not specifically

25  determine in its previous order whether state substantive law or federal procedural law

26  governed the award of costs.  While both entitlement to attorneys' fees and the calcula-

27  tion of the attorneys' fees award are matters of state substantive law, the award of costs is

28  typically a matter of federal procedural law.  Thus, an "award of standard costs in federal

district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (citing *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)).[9]  Under federal procedural law, prevailing parties may recover costs by applying to the Clerk of Court to tax costs pursuant to Rule 54(d).

Here, Defendant availed himself of this procedure to recover costs and filed a bill of costs concurrently with his motion for attorneys' fees, (Doc. No. 81), which resulted in the Clerk of Court taxing $7,117.35 in costs in his favor.  (Doc. No. 90.)  However, Defendant now seeks to recoup additional costs within his request for attorneys' fees. Defendant has not provided any authority for the Court awarding further costs beyond those previously taxed.  Nor has Defendant contested the costs taxed by the Clerk of Court in the appropriate manner.[10]  As such, Defendant has proffered no tenable basis for awarding additional costs beyond those already taxed to Defendant by the Clerk of Court. Accordingly, Plaintiffs' objection to the additional costs requested by Defendant is SUSTAINED, and the Court DENIES Defendant's request for $18,585.97 in costs.

### ***Conclusion***

In sum, Defendant is entitled to attorneys' fees generally.  The Court finds the initially requested $295,079.25 lodestar amount to be reasonable.  However, Plaintiffs have successfully objected to those fees relating to Plaintiffs' pending appeals ($1,465.69), Defendant's unfiled cross-complaint ($4,332.50), and fees relating to the

---

[9] There is an exception to the general application of federal procedural law to the award of costs when the costs are included in the measure of damages awarded pursuant to state law.  *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1065-66 (9th Cir. 2003).  In *Clausen*, the Oregon statute expressly defined statutory "damages" to include costs.  *Id.* at 1064.  Here, the relevant Nevada statutes authorize the Court to award costs to the prevailing party rather than defining costs as an essential element of damages under state law.  Accordingly, state substantive law does not govern the award of costs under the circumstances.

[10] Pursuant to Civil Local Rule 54.1.h, a "review of the decision of the clerk in the taxation of costs may be taken to the court on motion to retax by any party in accordance with Rule 54(d), Fed. R. Civ. P., and Civil Local Rule 7.1."  Defendant has not filed a motion to retax costs in accordance with the Civil Local Rules and cannot contest the award here.

08cv2011

deposition required as a result of Defendant's counsel's bad behavior ($4,950.00).  As a result, the Court hereby deducts those amounts from the lodestar of $295,079.25, which totals $284,331.06.

Additionally, the Court agreed with Plaintiffs' argument that the fees billed following Defendant's original motion for attorneys' fees were excessive under the circumstances.  Rather than awarding the entire additional amount sought by Defendant, the Court concludes  a reduced sum of $16,500 should be added to the lodestar amount in order to compensate Defendant for the efforts expended to recover attorneys' fees.  Thus, the Court adds $16,500 to the reduced lodestar amount of $284,331.06, which amounts to $300,831.06 in recoverable attorneys' fees.

Additionally, the Court concludes additional costs beyond those taxed by the Clerk of Court are not recoverable by Defendant through this motion.  Accordingly, Defendant's request for costs is denied.

For these reasons as set forth above, the Court ORDERS as follows:

1.    Plaintiffs' Objections are OVERRULED IN PART and SUSTAINED IN PART;

2.    Defendant's request for attorneys' fees and costs is GRANTED IN PART and DENIED IN PART;

3.    The Court hereby GRANTS Defendant $300,831.06 in attorneys' fees, and DENIES Defendant's request for costs.[11]

IT IS SO ORDERED.

---

[11] For clarity's sake, the Court includes the following calculation:

| $295,079.25 | Original Request for Attorneys' Fees |
| $1,465.69 | Appeal-Related Fees |
| $4,332.00 | Cross-Complaint Fees |
| -  $4,950.00 | Deposition Related Fees |
| $284,331.06 | |
| +  $16,500.00 | Fees Associated with Attorneys' Fees Motion |
| $300,831.06 | TOTAL ATTORNEYS' FEES AWARD |

1    DATED:  April 8, 2013

2                                          _____

3                                          Hon. Anthony J. Battaglia
                                           U.S. District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28